## BARNES *against* M'CLINTON.

3pw 67,
184 637

Notice to a bidder at sheriff's sale, that another claims the land, is sufficient to put him in the same situation with regard to a trust, as he as whose property it was sold. All that is necessary is, to give a purchaser such notice as is sufficient to put him on an inquiry leading to the whole truth. It is not necessary that the notice should contain full, entire, and circumstantial information of every fact which it may be material for the purchaser to know.
Notice to counsel in the same transaction is presumptive notice to the client.

Error to *Allegheny* county.

*Margaret Barnes,* and the other children of *James Barnes,* deceased, brought this action of ejectment against *Robert Morgan* and *Nathaniel M'Clinton,* to recover one hundred and eighty acres of land. Upon the settlement of the estate of *James Barnes,* deceased, there was a sum of money due to his children, which came to the hands of *Andrew Scott,* with which, it was alleged

by the plaintiffs, he purchased the land in dispute, in trust for them; and some evidence of *Scott's* parol declarations, establishing this trust, was given. *Scott* died insolvent, and the land was levied on and sold by the sheriff, and purchased by *Nathaniel M'Clinton,* one of the defendants. The only question of law, which was argued and decided by this court was, whether the evidence of notice to *M'Clinton* of this trust, at the time he purchased the land, was such, as to place him, with regard to the title, in the same situation in which *Scott* stood. On this subject Mr. *Fetterman* testified, that he was present when the land was sold, and read a notice, the substance of which was, "That *Barnes'* heirs claimed the land; and any one who would purchase it, would buy a law-suit." Evidence was also given that this notice was communicated to *M'Clinton.* The court below was of opinion that such notice was not sufficient, and so instructed the jury, who found a verdict for the defendants.

*W. W. Fetterman* for plaintiffs in error,

Contended, that the only notice that was necessary, was such as would put the purchaser upon his guard, and lead him to inquire after the truth; and that the notice in this case was abundantly sufficient.

*Burke* and *W. Forward* for defendants in error.

The defendant is the purchaser of the legal title at sheriff's sale; and the question is, as to the kind of notice of a claim like the present, with which the purchaser shall be affected. Proof that a counsel, whom the purchaser consults, had notice, derived from previous transactions, is not sufficient. 2 *Atk.* 242. 3 *Atk.* 392. *Sug. on Ven.* 535. Counsel, attorney, or agent of the party, not admitted to prove notice. *Sug. on Ven.* 548-9. In this case, the only evidence of notice to the purchaser, is that of Mr. *Riddle,* who was employed by him to examine the title, and who says that he saw Mr. *Fetterman's* notice, and thinks (though he is not certain,) that he mentioned it to *M'Clinton.* The person giving notice must be interested; he must have authority to give the notice; and he must disclose that authority at the time of giving it. *Sug.* 512, 532, &c. In this case, it does not appear that the notice disclosed the interest or authority of the person who gave it. There must be notice of the *kind* of claim. Vague, loose, and general notice is not sufficient. The owner of the legal title should have *direct, express* and *positive* notice, otherwise he takes the property discharged of the trust, which existed between the original parties. 14 *Serg. & Rawle,* 333. There should be clear proof of actual notice. The notice should be *actual, circumstantial in the transaction, and by the party in interest.* Nothing short of this, which is actual fraud, will postpone a legal title; and the fraud

(Barnes *v.* M'Clinton.)

must be very clearly proved. 8 *Serg. & Rawle,* 496. 3 *Cruise,* 363. 2 *Attk.* 275. 2 *Mass.* 506. 2 *Vernon,* 159. 5 *Serg. & Rawle,* 257, 261. 1 *Rawle,* 386. The registry of a deed defectively proved or acknowledged, is not constructive notice to a subsequent purchaser, although the registry be made in the proper county. 2 *Bin.* 40. It is for the interest of the public that land should sell for its fair value at sheriff's sale, and that honest purchasers should not be disturbed by secret trusts. 3 *Bin.* 89. In cases like the present, persons alleging the existence of a trust, should be required to disclose at the time of the sale, a circumstantial account of the nature and circumstances of the trust. This might be done by leaving a statement in writing in the hands of the sheriff, to which bidders might be referred. Here the notice was merely, *"that the heirs of Barnes had a claim;"* and, even if it were brought home to the purchaser, he was not bound to regard it.

The opinion of the court was delivered by

GIBSON, C. J.—The first and second errors are unsolid; and the question turns on the direction, which is the subject of the third. Questions of notice, the facts being left to the jury, undoubtedly belong to the court; and here, it would seem, there was no fact in dispute, the agency of Mr. *Fetterman* not being contested, and it being taken for granted that the notice given by him had actually reached the purchaser through his counsel; so that the question has respect to its sufficiency. As to that, Mr. *Fetterman* testified that he had publicly read to the by-standers, and put up at the place of sale, a written notice of the claim of *Barnes'* heirs, which, at his return to the spot after the sale was over, he found had been removed. · It is difficult to imagine what more, in the case of a public sale, can be done. But the point seems to stand clear of difficulty, when viewed in connection with the admitted fact, that the purchaser had actual knowledge, through his counsel, of the contents of the paper; less than which would be sufficient to affect him, notice to counsel in the same transaction, being presumptive notice to the client. Nor would he be protected from an examination of the counsel, if that were necessary, to show a communication of the notice, the fact not having been obtained from him, and of course not being a subject of professional confidence. The objection, then, must lie, if at all, to the body of the notice which ought, it is said, to contain full, entire, and circumstantial information of every fact which it may be material for the purchaser to know. But such, I take it, is not the law. A purchaser at sheriff's sale would seldom be affected, if error in the abstract of a title were to vitiate the notice. Mr. *Fetterman* spoke generally of the contents as being "notice of the claim," the natural conclusion from which is, that every essential was comprised. But contain-

(Barnes *v.* M'Clinton.)

ing less than an abstract, or the particulars of the claim, the notice would still be available, if containing sufficient to put the purchaser on an inquiry leading to the whole truth; and this I take to be an elementary principle. If, indeed, no accessible source of information were known or pointed out, that might make a different case. But Mr. *Fetterman* was on the spot to answer all questions; and to disregard his warning, evinced wilful blindness, and a culpable determination to brave the consequences: and under such circumstances, a purchaser ought not to be protected.

Judgment reversed, and a *venire de novo* awarded.