THOMAS S. BARBER and another *vs.* EDGAR C. BOWEN and others.

August 21, 1891.

Estates of Decedents—Allowance of Claim—Conclusiveness of Order.
    *Lewis* v. *Welch, infra,* p. 193, and other cases in this court, followed as to the conclusive and binding effect upon all parties interested, of the allowance of a claim by the probate court against the estate of a deceased person.

Same—Administrator's Sale of Realty—Purchase by Guardian of Minor Heirs.—The rule which disables a trustee from purchasing for his own benefit at a sale made by him in the discharge of a fiduciary duty is not applicable to the guardian of minor heirs, when a sale of real property belonging to the estate of one deceased is sold by an administrator under the order of the probate court for the purpose of satisfying a claim against the estate which has been duly presented and allowed.

On October 1, 1868, Alfred H. Barber, a resident of New Jersey, died intestate and seized of certain land in Ramsey county, described

in the complaint. He left surviving him his widow, the defendant Rebecca H. Barber, and the plaintiffs, Thomas S. and Alfred N. Barber, his sons, the former being then three years, and the latter one year, of age. On May 29, 1883, the defendant Edgar C. Bowen was, by the probate court of Ramsey county, on petition of the widow, appointed administrator of the decedent's estate, and qualified as such, and received his letters, and issued a notice to creditors to present their claims to the probate court for allowance. The only claim presented was a claim of the widow, for $3,700, for maintenance and education of the plaintiffs, and for taxes paid on the intestate's property, after his death. This claim was allowed by the probate court on November 29, 1883. Prior to this time appraisers had been appointed by the probate court, in whose report, filed November 8, 1883, the real estate was valued at $2,700. On January 22, 1884, on petition of the administrator, an order was made licensing him to sell the land at private sale for payment of debts. The proper bond was given and approved, and the proper oath taken, and an appraisement duly made, in which the property was appraised at $2,700, and on May 16, 1884, the administrator, pursuant to the order of license, sold all the property at private sale to the widow, for $3,300, no money being paid by her. On May 17, 1884, the probate court confirmed the sale and directed a conveyance, which was executed the same day by the administrator to the widow, who was then the duly appointed guardian of the plaintiffs. This deed was not delivered to the widow, who continued to reside in New Jersey. On July 8, 1884, the widow sold and conveyed the property to Minerva L. Bowen, wife of the administrator, for $3,300, paid by Minerva L. out of her own moneys to her husband, as agent for the widow. On July 17, 1884, the deed from the administrator to the widow was filed for record by him at the same time with the filing by him for record of the deed from the widow to Minerva L. Bowen. There was no other delivery than this filing of the administrator's deed to the widow. The latter knew that the administrator had sold the land to her and that the price would be credited on her claim against her husband's estate. Such credit was in fact made, and was allowed in the administrator's account, and he was discharged. Afterwards, at the request of Edgar

C. Bowen, the widow procured from the plaintiff Thomas S. a quitclaim deed to Minerva L. Bowen of his interest in the land, for the expressed consideration of $1, the deed bearing date June 10, 1886. On October 27, 1886, Minerva L. and her husband, Edgar C., conveyed to one Johnson, who at the same time reconveyed to Edgar C., it being then thought that she was near death, and the deeds being made solely to pass the legal title to her husband, Edgar C. She afterwards died, and on May 26, 1888, the plaintiff Alfred N., at his mother's request, procured to be made by Edgar C., executed to the latter a quitclaim deed of his interest in the land for a consideration of $1, he being then a minor. On July 26, 1888, both plaintiffs joined with their mother in another quitclaim deed to Edgar C., for the expressed consideration of $3,300, no part of which was paid. Each of the plaintiffs, at the date of each of his quitclaim deeds, knew that such deed was intended to convey the lands described therein, and was given to perfect the title theretofore conveyed or attempted to be conveyed by their mother to Minerva L. Bowen. During all this period the plaintiffs resided with their mother and statutory guardian, and the latter was fully informed of each step taken by the administrator in the settlement of her husband's estate, and in the sale of the land to satisfy her claim.

Plaintiffs brought this action in the district court for Ramsey county, to vacate all the proceedings of the administrator, and to compel defendant Edgar C. Bowen to convey the land to them, and to bar the other defendants from setting up any claim to the property. The grounds of their action, as alleged in the complaint, were (1) that the probate sale was void because the pretended claim of their mother was not a valid claim against the estate, and was fraudulently presented by the administrator after the time fixed by order of the court for presenting claims had expired, and the order of allowance was procured by the administrator fraudulently and without notice; and because the appraisement at $2,700 was fraudulently procured by the administrator, the property being then worth $10,000; and because the administrator's petition for license to sell was not verified by his oath, and falsely and fraudulently stated the existence of the claim of $3,700; and because the subsequent appraisement

and sale were fraudulently made at $2,700, the property being then worth $10,000, as the administrator well knew; and (2) that the conveyance from the widow to Minerva L. Bowen and the subsequent quitclaim deeds were obtained by defendant Edgar C. Bowen by false representations as to the value of the property and as to the plaintiff's interest therein. The action was tried by *Kelly*, J., who found the facts to be as above stated, and that the charges of fraud were not made out, and ordered judgment for defendants. The plaintiffs appeal from the judgment entered on the decision.

*Willrich & Lambert* and *C. D. & Thos. D. O'Brien*, for appellants.

*F. S. Kirkpatrick*, for respondents.

COLLINS, J. 1. It has not been contended by the respondents that the claim presented by the widow, passed upon by the judge of the probate court, and allowed against the estate of Alfred H. Barber, deceased, was a proper one for allowance in that proceeding. The larger portion of it, at least, was a claim against the estate of his minor sons and heirs, these plaintiffs, and not a claim against the estate then being probated. But, notwithstanding this, its allowance by the court had the effect of a judgment. It was not appealed from and is conclusively binding upon all persons interested in the estate. *State* v. *Ramsey County Prob. Ct.*, 25 Minn. 22; *State* v. *Probate Court of Ramsey Co.*, 40 Minn. 296, (41 N. W. Rep. 1033;) *Lewis* v. *Welch, infra*, p. 193. And there was nothing said in *Culver* v. *Hardenbergh*, 37 Minn. 225, (33 N. W. Rep. 792,) as appellants' counsel seem to think, which militates against this proposition.

2. The appellants have not, by their assignments of error, assailed the sufficiency of the evidence to sustain the findings of fact, except in respect to the finding that the representations made by defendant Bowen to induce plaintiffs to execute quitclaim deeds of the real estate were true. Hence we are bound to assume that all other findings of fact were justified by the proofs, although we are not unmindful that the case has been argued by counsel for both parties as if several of the findings were open to review. As we regard the case, the real question left for consideration is whether the defendant Rebecca Barber could become a purchaser of the property from the administrator, Bowen. She was the widow before mentioned, and her

claim against the estate had been adjudicated at $3,700, while the appraised value of the estate itself was $1,000 less. These plaintiffs were her minor sons, one being about 16 years of age at the time, the other about 18, and she had been appointed their guardian in the state of New Jersey, where the family resided, a few days before she presented her claim against the estate. The sale was regular in form, the property bringing its full market value, $3,300, several hundred dollars more than the appraisal. It was thereafter duly confirmed by the probate court, and an administrator's deed duly executed by defendant Bowen, in which Mrs. Barber was named as grantee. The appellants insist that, by reason of the fiduciary relationship which existed between their mother and themselves, she having been constituted their guardian, she was disqualified from purchasing at the administrator's sale, and that the sale to her was not only voidable at their election, but was absolutely void. But whether treating and considering the sale as void, or as merely voidable, the appellants have fallen into an error. They have confounded two distinct estates, that of the deceased intestate and that of his minor sons, and the representatives of each, one being the administrator, the other a guardian; and seek to apply to the latter the very wholesome rule which disables and prohibits one who occupies a trust relation from purchasing for his own benefit at a sale made by him in the discharge of a fiduciary duty. This salutary doctrine has been thoroughly discussed in the recent case of *Lewis* v. *Welch, supra,* in which it was applied to one who, when foreclosing, as administrator, a mortgage under a power of sale, purchased, in an indirect manner, the mortgaged premises, and thereby secured the legal title to himself upon the expiration of the period of redemption. We need not elaborate upon the subject, for, as was said in that case, there is no doubt as to the general disability of one occupying a trust relation to purchase and hold for his own benefit, as against the claims of the *cestui que trust,* property sold by him, or under his direction and control, as trustee.

But such was not the situation here. The administrator, by order of the court and to satisfy a claim against the estate which he represented, was compelled to make the sale. It was not directed or con-

trolled in any manner by Mrs. Barber. At no time during the proceedings was she in position where self-interest might conflict with her duty in respect to the real property in question, or her duty towards her wards; for, as to the sale, she occupied the place of a stranger. Her relationship to the trust-estate afforded no opportunities for neglect or misconduct in regard to it. She was entirely powerless, in her capacity as guardian of the estate of these minors, to interfere with or control the property, which was to be sold in pursuance of the order of the court, and not in the execution of any trust which she had assumed. It is only when power and duty, the constituent elements of a trust, towards a specific subject-matter, are conferred, that fiduciary character and responsibility begins; and the relation which disables and prohibits must be one in which knowledge, by reason of the confidence reposed, might be acquired, or power exists, to affect injuriously the interests of the beneficiary or advance that of the trustee. But the rule referred to is not pertinent or applicable to a case like this, where a sale is made by an administrator, or any other public officer, under proceedings adverse to the interest of the *cestui que trust,* and the trustee has not the means in his power to prevent the sale. See *Chorpenning's Appeal,* 32 Pa. St. 315; *Lusk's Appeal,* 108 Pa. St. 152; *Clark* v. *Holland,* 72 Iowa, 34, (33 N. W. Rep. 350;) *Dillinger* v. *Kelley,* 84 Mo. 561; *Allen* v. *Gillette,* 127 U. S. 589, (8 Sup. Ct. Rep. 1331.) The purchaser owed no duty to her wards in respect to the real property at the time she bought. It was no part of the trust-estate which had come into her possession or within her control, and, for obvious reasons, it never would.

3. The appellants argue that the administrator was interested in the purchase, and hence the sale was invalid. But the court found to the contrary, and, for the reasons before stated, we are not called upon to investigate the testimony on this point. It is true, and is shown by the findings, that the administrator's deed was not actually delivered by him to the purchaser, nor was it put upon record until some time after it was executed, when the latter conveyed to Mrs. Bowen. The purchaser, Mrs. Barber, resided several hundred miles away, and manual delivery could not be expected. She knew of the

entire transaction, and that the administrator had executed the conveyance, and seems to have been content that it remain unrecorded in his hands. He was under no obligation to send it by mail or otherwise, nor was the duty cast upon him to place it on record. We see nothing in these circumstances which reflected upon the good faith of the transaction; and, while it was not incumbent upon us to read the evidence, we have done so, and can safely say that the defendant Bowen seems to have acted fairly and above-board in all matters pertaining to the acquisition of the property by his wife from defendant Rebecca Barber.

4. In view of what has been said, a consideration of the assignments of error bearing upon the findings in respect to the quitclaim deed is unnecessary.

Judgment affirmed.