ABRAHAM BERNSTEIN

v.

SAMUEL ROTH.

*Filed at Ottawa, May 9, 1893.*

1. TORTS—*liability of one for the torts of another.* A person is not responsible for the wrongful act of another not his agent, servant or employé; whether the person inflicting a personal injury through negligence is the servant of the defendant, or was his servant, is a question of fact.

2. APPEALS AND WRITS OF ERROR—*review of facts—finding of facts by Appellate Court.* A judgment of the Appellate Court affirming the judgment of the trial court in an action for a personal injury, without any recital of the facts found, conclusively settles all controverted questions of fact necessary to support the judgment affirmed, and such questions of fact can not be reviewed in this court on appeal from the Appellate Court. The opinions of the latter court being no part of the record, can not be resorted to for the purpose of ascertaining its finding of facts.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook County; the Hon. THEO. BRENTANO, Judge, presiding.

Messrs. BLUM & BLUM, for the appellant.

Mr. JOSEPH P. DAVID and Mr. JOHN C. KING, for the appellee.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

This action was brought by appellee against appellant, in the Superior Court of Cook county, to recover damages for a personal injury. The cause of action set up in the declaration is, that on the 9th day of July, 1888, while plaintiff was riding in his carriage on one of the streets in the city of Chicago, a wagon belonging to the defendant was so carlessly driven by his servant that "the shaft of the said wagon of defendant" struck plaintiff's carriage,

thereby throwing plaintiff upon the ground with such violence as to seriously injure him. The plea was not guilty. Two trials were had in the Superior Court. Upon the first, the jury returned a verdict for the plaintiff, fixing his damages at $4,500. On motion of the defendant, that verdict was set aside and a new trial ordered. On the second trial, a verdict for the plaintiff was again returned, and the damages fixed at $2,500. On this last verdict judgment was entered, and the defendant appealed to the Appellate Court for the First District, and there the judgment below was affirmed.

The only controverted question of fact on the trial was whether Shimerik, the person driving the defendant's team at the time of the alleged injury, was the servant or employé of the defendant. Upon the last trial the court in-. structed the jury, at the request of the defendant, to find specially, and to answer the following question: "At the time of the occurrence of the accident, which resulted in the plaintiff's injury complained of in this case, was Shimerik, the man who drove the wagon in question, in the employ as a servant of the defendant, Bernstein?" To this question the jury answered, "yes."

The judgment of the Appellate Court is in the usual form of a judgment of affirmance, without any recital of facts found by that court.

We have so often held that such a judgment must be treated by us as conclusively settling all controverted questions of fact necessary to support the judgment affirmed adversely to the appellant, or plaintiff in error, that we forbear to cite the cases. The only ground of reversal urged by counsel for appellant is that the evidence fails to establish the fact that the driver of the wagon which collided with the appellee's carriage was the employé of appellant. Unquestionably the law is, as contended by counsel, that a person is not responsible for the wrongful act of another not his agent, servant or employé; but, unfortu-

nately for appellant, he is deprived of all benefit of that principle, by the conclusive finding of the fact that the one guilty of the negligence here complained of was his servant.

It is not claimed that the trial court erred in its rulings as to the admission or exclusion of evidence, the giving or refusing of instructions; and under section 89 of the Practice act, and the repeated decisions of this court in pursuance thereof, the affirmance of the judgment of the Appellate Court is inevitable.

An attempt is made to avoid this result, by insisting that the opinions prepared by two of the justices of the Appellate Court show that it found the facts different from the finding of the Circuit Court. This contention amounts to no more than saying the conclusion reached by that court is inconsistent with the statement in one of those opinions, that "the jury ought not to have found as they did," and the grave doubt on that subject expressed in the other; but certainly it will not be seriously contended that, even if that were true, this court would thereby be authorized, in the teeth of the statute, to review the evidence and pass upon the facts of the case. Moreover, these opinions are in no sense a part of the record of the Appellate Court, and can not be resorted to for the purpose of ascertaining its finding of facts. *Coalfield Coal Co.* v. *Peck,* 98 Ill. 145; *Postal Telegraph Cable Co.* v. *Lathrop et al.,* 131 id. 575; *Pennsylvania Co.* v. *Versten,* 140 id. 637.

It is clear that there is no error in the record which can be availed of in this court. The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*