## John K. Doran *vs.* Charles F. Dazey.

Opinion filed October 30th, 1895.

**Constructive Notice—Facts Sufficient to Excite Inquiry.**

A person who has knowledge of facts sufficient to put a prudent man on inquiry with regard to the existence of an unrecorded deed, and fails to make such inquiry, cannot claim protection as a bona fide purchaser under the recording act.

**Instrument Out of Chain of Title.**

Actual knowledge of the existence on the public records of an instrument purporting to be a mortgage of the property he is about to purchase is notice to such purchaser of the existence of the original mortgage, and knowledge of such mortgage, although the same is given by one who appears by the records to have no title to the land, is sufficient to make it the duty of the purchaser to inquire whether the mortgagor, who asserts in the mortgage that he owns the land, is not in fact the owner thereof.

**Chargeable with the Notice Inquiry Would have Disclosed.**

If, with such knowledge, he parts with the consideration for the land without making any investigation as to the title of the mortgagor, when such investigation would probably have led to a discovery of such title, he is chargeable with notice of it.

**Ignorance of a Recorded Instrument, Out of Chain of Title.**

But the mere recording of an instrument out of the chain of the title will not, of itself, constitute constructive notice of such instrument, so as to bind one who deals with the apparent owner of the land according to the record, in ignorance of the existence of such instrument.

Appeal from District Court, Walsh County; *Templeton,* J.

Action by J. K. Doran against Charles T. Dazey. Judgment for plaintiff, and defendant appeals.

Affirmed.

*Swiggum & Myers,* for appellant.
*Phelps & Phelps,* for respondent.

Corliss, J. The object of this action is to secure the judicial cancellation, as a cloud on plaintiff's title, of certain deeds purporting to convey the real estate which the plaintiff claims to own. It is situated in the City of Grafton. The defendant,

Charles T. Dazey, who is the only person affected by the judgment appealed from, and who is the appellant on this appeal, insisted in the trial court, and, having been there unsuccessful in his contention, insists in this court, that he, and not the plaintiff, has the better title to the land. Both parties trace their title from the title of Ole H. Nelson, Lewis E. Nelson, and George C. Sims, who, it is conceded, were originally the fee simple owners of this real estate. On the 7th of August, 1883, these parties executed and delivered to L. G. Sims a warranty deed of the premises in question, by which he became vested with the full legal title thereto. This deed, however, was not recorded until September 10, 1887, or more than four years later. It is under this deed the plaintiff claims. While this deed remained unrecorded, and in October, 1884, the defendant, Dazey, entered into negotiations with Laura C. Nelson and Ole H. Nelson, who claimed to be the owners of the property, looking to a purchase of it by him, in exchange for real estate owned by him in the City of Fargo. The terms of sale were finally agreed on, and these pretended owners executed a warranty deed of the property to defendant, Dazey, and the same was placed on record. Dazey, however, was not willing to part with the stipulated purchase price, to-wit, the property owned by him in Fargo, until he had secured an abstract, and had ascertained that the title was all right. Accordingly, instead of delivering his deed at this time to the grantors in the deed to him, he left it in escrow with a person connected with the law office of Stone & Newman, to be delivered if the grantor's title to the Grafton property proved to be all right. Stone & Newman, acting for him, procured an abstract, and discovered from it that these grantors were not the owners of this land, but that the record showed the title to be in Ole H. Nelson, Lewis E. Nelson, and George C. Sims, their deed to L. G. Sims not then being on record. This defect in the title, however, was remedied by the execution by these parties of a deed to Laura C. Nelson, one of the grantors in the deed to defendant, Dazey. Thereupon Stone & Newman having advised

Dazey that the title was perfect, his deed of the Fargo property was delivered. Then, for the first time, did he pay his consideration for the Grafton real estate. Before he made this payment, he was informed by his attorneys that the abstract of title disclosed the fact that one L. G. Sims, who was the grantee in this unrecorded deed, had executed a mortgage on the property in question for the sum of $1,200; but, acting on the advise that this would not affect his rights as a bona fide purchaser, because the record did not show that L. G. Sims was the owner of the property when he gave the mortgage, or ever had been the owner of it, defendant, Dazey, closed the deal, and thereafter his deed of the Fargo property was delivered and recorded.

These facts are all uncontroverted. In view of them, we do not regard it necessary to enter upon a discussion of any of the numerous questions argued in this case, except the one whether, under these conceded facts, the defendant can possibly sustain his title as against the prior title of the plaintiff under the unrecorded deed. It is an elementary rule in the construction of recording laws that notice of an unrecorded instrument is equivalent to the recording of it, with respect to the person having such notice. Our statute, in express terms, declares this to be the rule: "An unrecorded instrument is valid as between the parties thereto and those who have notice thereof." Comp. Laws, § 3297. It is true that Dazy did not have actual notice of the unrecorded deed to L. G. Sims, but he did have actual knowledge of the existence on the records in the county in which the land was situated of a mortgage given by L. G. Sims on this very property for quite a large sum. Had he not actually known that such a mortgage was on record, it is undoubtedly true, as counsel for defendant asserts, that the mere recording of the mortgage would not have constituted constructive notice of it, within the meaning of the recording law. The recording of an instrument out of the chain of title does not constitute such constructive notice. This is well settled. 20 Am. & Eng. Enc. Law, 595, and cases there cited; Wade, Notice, § § 205–207. But this doctrine

is not applicable to the facts of this case, for it is a conceded fact that Dazey, before he parted with his consideration, knew that such a mortgage was on record. This, under the authorities, was notice to him that such a mortgage had been given. *Clark* v. *Holland*, (Iowa) 33 N. W. 350; Wade, Notice, § 250; *Musgrove* v. *Bonser*, 5 Or. 313; *Hastings* v. *Cutter*, 4 Fost. (N. H.) 481; *Barnes* v. *McClinton*, 3 Pen. & W. 67. An examination of this mortgage would have disclosed the fact that the mortgagor, L. G. Sims, therein asserted that he was the owner in fee simple of the premises in question. A prudent man should have made inquiries of the mortgagor, if possible, to ascertain whether he in fact owned the land. Such an inquiry would, in all probability, have led to a discovery by him, before he had parted with his consideration by delivering the deed to the Fargo property, of the fact that L. G. Sims was the owner of the Grafton land under the unrecorded deed to which we have referred. Whatever conflict of authority there may be on the question, the doctrine which has the support of the great mass of the decisions, and which is certainly sustained by the better reason, is that which regards knowledge of facts sufficient to put a prudent man on inquiry as to the existence of other facts, as equivalent to actual knowledge of those facts, which such suggested investigation would in all probability have disclosed had it been properly pursued. Wade, Notice, § § 246, 250, 251; *Gress* v. *Evans*, 1 Dak. 387, 46 N. W. 1132; *Tuttle* v. *Jackson*, 6 Wend. 213; *Morrison* v. *Kelley*, 22 Ill. 610; *Allen* v. *McCalla*, 25 Iowa, 464; *Bernstein* v. *Roth*, (Ill. Sup.) 34 N. E. 37. Our recording statute does not require that the notice, to defeat the claim of priority, should be actual. It merely declares that notice of the unrecorded instrument will be sufficient to defeat such claim. Comp. Laws, § 4743, provides that "every person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact, and who omits to make such inquiry with reasonable diligence, is deemed to have constructive notice of the fact itself." Therefore, whatever might be our conclusion,

independently of the language of our statutes, touching the soundness of the rule established in some jurisdictions, that mere want of caution will not affect the alleged bona fide purchaser with notice, but only willful and fraudulent blindness, we are clear that, in view of the legislation in this state, no such doctrine can here obtain. We are not without express authority in support of our conclusion that knowledge of existence of this mortgage was sufficient to put the defendant on inquiry as to the existence of title in the mortgagor. *Pleasants* v. *Blodgett*, (Neb.) 58 N. W. 423. In this case the court said: "The fact that there was of record a mortgage from Pleasants to Boyd on this property was sufficient, of itself, to warn a prudent intending purchaser thereof that Pleasants probably claimed some interest in the property. When one makes a mortgage on real estate to another, the presumption, at least, is that the mortgagor is the owner of the property mortgaged." To same effect is *Clark* v. *Holland*, (Iowa) 33 N. W. 350. We do not think that the court intended to lay down any different rule in *Chicago* v. *Witt*, 75 Ill. 211, although the language of the court leaves the matter in some doubt. To entitle one to protection as a bona fide purchaser, he must have parted with his consideration before notice of the prior conflicting right. This rule is too elementary to require the citation of many authorities in its support. *Wood* v. *Rayburn*, (Or.) 22 Pac. 521; *Veith* v. *McMurtry*, (Neb.) 42 N. W. 6; *Otis* v. *Payne*, (Tenn.) 8 S. W. 848. At the time defendant's deed of the Fargo property was delivered, he had knowledge of the fact, which we regard as equivalent to actual notice of the unrecorded deed; he not having made any effort to make the investigation which a prudent man should have made under the circumstances. It furnishes him no justification that he relied on the advice of counsel. Such advice could not make that conduct prudent which the law regards as careless.

We were asked by the appellant in this case to try it *de novo*, but we have found ourselves unable to do so, owing to the insufficiency of the judge's certificate certifying the evidence.

The statute requires all the evidence offered to be taken down, and provides that all this evidence shall be certified to this court. Laws 1893, Ch. 82, § 1. The certificate in this case gives no guaranty that all the evidence offered is before us, but only such as was both offered and received. Under such certificate, we cannot try the case *de novo*. See *First Nat. Bank of Devils Lake* v. *Merchants Nat. Bank of Devils Lake*, (decided at this term) 64 N. W. 941, 5 N. D. 161. But we have a right, and it is our duty, to look into the findings, and it is from the findings that we have taken the facts which have been set forth in this opinion. The appellant concedes them all to be true. He is therefore not in the least prejudiced by our inability to try the case *de novo*, as, in view of these conceded facts, we are all clear that in no event could he possibly succeed.

The judgment of the District Court is affirmed. All concur.