CHARLES MARSKE

*v.*

LUTHER C. WILLARD.

*Opinion filed November 8, 1897.*

1. PLEADING—*pleading to merits does not aid statement of a defective cause of action.* Pleading over to the merits after the overruling of a demurrer will aid a defective statement of a good cause of action but will not aid a statement of a defective cause of action.

2. EVIDENCE—*subject matter of written contract may be identified by proof.* Extrinsic proof is competent to identify the subject matter

of a written contract, and its admission is not a violation of the rule that the terms of a written contract cannot be varied or contradicted by parol evidence.

3. SAME—*when description of leased premises may be aided by parol evidence.* A description of property in a lease as "Lot No....," in a certain block, subdivision, town, etc., may be aided, in an action at law, by parol evidence that the lessee took possession of certain premises under the lease and paid rent therefor to the lessor, who accepted the same as being due under the terms of the lease.

4. CONTRACTS—*contract giving option on property not invalid for want of mutuality.* A contract giving one party the privilege of purchasing lands upon certain conditions is not void for want of mutuality, on the ground that though the seller is bound upon those conditions the other party is not bound to purchase unless he desires.

5. SAME—*when contract for sale of land is not invalid as resting partly in parol.* A written contract giving one party the first opportunity to purchase land "provided he will pay as much as any other person," is not invalid as being partly in writing and partly in parol, on the ground that the written contract does not specify the price to be paid or the terms and time of payment.

6. APPEALS AND ERRORS—*absence of recital of facts in the Appellate Court's judgment implies finding same as the trial court's.* The absence of a recital of facts in the Appellate Court's judgment of affirmance implies that its finding agreed with that of the trial court, and is conclusive, in suits at law, of all controverted questions.

7. SAME—*Appellate Court's opinion not part of the record in that court.* The opinion of the Appellate Court cannot be resorted to in order to support a contention that the recitals in its judgment do not truly set forth the action of the court.

*Marske* v. *Willard,* 68 Ill. App. 83, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Boone county; the Hon. CHARLES KELLUM, Judge, presiding.

ROBERT W. WRIGHT, for appellant:

A court of law is without power to reform a contract so as to make it conform to the intention of the parties. Such power rests alone with courts of equity. *Cunningham* v. *Wrenn,* 23 Ill. 64; *Haven* v. *Green,* 26 id. 254.

The correction of mistakes in contracts, agreements and other instruments is alone cognizable in a court of

equity. *Pool* v. *Docker*, 92 Ill. 501; *Wear* v. *Parish*, 26 id. 240; *Howell.* v. *Howell*, id. 461.

A contract must be mutual in its character and application and certain in its term. *Cooper* v. *Chittenden*, 50 N. W. Rep. 2; *Railroad Co.* v. *Dunlock*, 10 S. E. Rep. 239.

In an action at law to recover damages for the breach of an alleged contract the contract must bind both parties. 2 Warvelle on Vendors, 965.

One of the essentials of a written contract is, that it must be certain and definite. It must set forth the undertakings of the parties to it so plainly as not to require parol testimony to ascertain the force and extent thereof. *Railroad Co.* v. *Miller*, 32 Ill. App. 259; *VanKirk* v. *Scott*, 54 id. 681.

When land is the subject matter of a contract it must be so described as to leave no uncertainty as to its shape, quantity and location. 1 Warvelle on Vendors, sec. 28.

A court of law will never receive parol evidence to contradict or enlarge the terms of a written agreement. 1 Greenleaf on Evidence, par. 297.

If a blank is left in an instrument this is a patent ambiguity. 1 Am. & Eng. Ency. of Law, 527.

Extrinsic evidence is not admissible to remove a patent ambiguity, and the instrument is inoperative and void. 1 Am. & Eng. Ency. of Law, 529, and cases cited.

A patent ambiguity in a deed cannot be explained or helped by averment or proof. *Fisher* v. *Quackenbush*, 83 Ill. 310.

CHARLES E. FULLER, and WILLIAM C. DEWOLF, for appellee:

A unilateral contract, as in the case of an option to purchase, is valid and binding. Even a party who has not signed an agreement in relation to lands may enforce it against one who has signed it, although he could not himself have been compelled to execute it. *Estes* v. *Furlong*, 59 Ill. 302.

Parol evidence may be resorted to for ascertaining the identity of property. *Farwell* v. *Lowther*, 18 Ill. 256.

The omission of a lot number in the description as given in the lease is a latent ambiguity and not a patent ambiguity, and hence may be aided by other evidence. *Clark* v. *Powers*, 45 Ill. 283; *Dougherty* v. *Purdy*, 18 id. 206.

A devise or grant will only be declared void for uncertainty where, after resort to oral proof, it still remains a matter of mere conjecture what was intended by the instrument. *Colcord* v. *Alexander*, 67 Ill. 583.

Latent ambiguities may be explained by parol evidence, and such evidence may also be resorted to for the purpose of identifying the premises. *Lyman* v. *Gedney*, 114 Ill. 410.

Where the terms of an agreement are in any respect doubtful or uncertain, and the parties to it have by their own conduct placed a construction upon it which is reasonable, such construction will be adopted by the courts in the event of litigation concerning it. *People ex rel.* v. *Murphy*, 119 Ill. 166; *Work* v. *Welsh*, 160 id. 474.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was assumpsit brought by the appellee, against appellant, to recover damages for the alleged breach of a contract to sell and convey to him a certain described portion of lot 3, in block 8, in Aaron Whitney's addition to the town of Belvidere, in Boone county, Illinois, said portion of said lot being correctly described in the declaration by metes and bounds. A general demurrer to the declaration was overruled, and the defendant, appellant here, caused exceptions to be entered to such action of the court, but afterwards applied to the court for, and obtained, leave to plead over, and in pursuance of such leave filed a plea of general issue and a plea of the Statute of Frauds. Issue was joined, the cause submitted to a jury, verdict for plaintiff in the sum of $1000 returned, defendant's motion for new trial and in arrest of judg-

ment overruled, and judgment rendered against the defendant on the verdict. The second ground of the motion in arrest of the judgment was, "the declaration is insufficient to maintain the action." Defendant prosecuted an appeal to the Appellate Court for the Second District, where the judgment of the circuit court was affirmed, and has prosecuted this appeal from the judgment of the Appellate Court.

The first question arising upon the record is whether the appellant, by pleading over, shall be deemed to have waived the right to afterwards insist the declaration is insufficient. Appellee insists the invariable rule is that pleading to the merits is a waiver of all grounds of objection to the sufficiency of the declaration. We cannot assent to this. The rule, as we understand it, is, that pleading over to the merits will aid a defective statement of a good cause of action but will never assist a statement of a defective cause of action. (*Matson* v. *Swanson,* 131 Ill. 255; *Chicago and Eastern Illinois Railroad Co.* v. *Hines,* 132 id. 161; *Shreffler* v. *Nadelhoffer,* 133 id. 536.) We may therefore inquire whether the alleged defects in the declaration were such as no cause of action appeared.

Two grounds of demurrer were urged: First, that it appeared from the face of the declaration there was no written contract by which appellant agreed to sell to the appellee the premises described in the declaration; and second, that the lease was void as a contract of sale by reason of lack of mutuality.

The declaration alleged the appellant contracted to lease the appellee the premises as hereinbefore described, and averred the contract was reduced to writing, but that said premises were erroneously described in said writing as "Lot No. ...., in assessor's subdivision of Whiting's block No. 8, in the town (now city) of Belvidere, in Boone county, Illinois," and that under said lease appellee took possession of the premises intended to be described in the lease and held possession thereof, and paid rent there-

for to appellant. The lease contained the following cov-
enant, viz.: "And it is further agreed that this lease may
be continued from year to year under the same terms,
at the option of the said party of the second part, for a
period not to exceed five years; and should said party of
the second part desire to surrender possession after the
first year, he may do so by giving to said Marske at least
sixty days' previous notice of his intention so to do; and
should said Marske desire to sell said premises, he may
do so by giving to said Willard sixty days' previous no-
tice and by first giving to said Willard the first oppor-
tunity to purchase said premises, provided he will pay
as much as any other person."

The argument of counsel as to the first of these grounds
is, that the contract as executed by the parties and set
out in the declaration is void for ambiguity, in a court of
law, for the reason the number of the lot is omitted. It
is insisted the ambiguity is patent, and that the rule is,
parol evidence is inadmissible, in actions at law, to re-
move a patent ambiguity, and many authorities are cited
as in support of that proposition. Some confusion exists
in the authorities, arising, it is believed, out of incorrect
meanings attached to the terms "latent" and "patent"
ambiguities, for it is certainly not true that, as the term
"patent ambiguity" is often understood, it is an inflexible
rule that extrinsic evidence is inadmissible to explain
the ambiguity. Parsons, in his work on Contracts, says
the distinction between the patent and the latent ambi-
guity originated with, or at least was first stated clearly
by, Lord Bacon, who also declared the rule that a patent
ambiguity "is never holpen by averment." (2 Parsons on
Contracts, 557.) The same author further says: "The rules
of Lord Bacon rest entirely upon the principle the law
will not make, nor permit to be made, for parties, a con-
tract other than that which they have made for them-
selves. They can have no other basis than this, and so
far as they carry the principle into effect they are good

rules, and no further." And he declares: "Those rules are less regarded of late than they were formerly, and are intended to enable the court to distinguish between cases of curable and those of incurable uncertainty, and to carry the aid of evidence as far as it can go without making for the parties what they did not make for themselves, and to stop there." (Ibid. 563.) The same learned author further remarked: "If the meaning of an instrument, by itself, is intelligent and certain, extrinsic evidence is admissible to identify its subjects or its objects." Ibid. 564.

In *Price* v. *Page*, 4 Ves. 679, it was well said: "The rule that no evidence is admissible to remove a patent ambiguity would be strictly correct if by patent ambiguity we mean that state of uncertainty which exists where it is perfectly clear, from the face of the instrument to be construed, either that no certain subject has been selected upon which the instrument can operate or take effect, or that no certain person or persons have been selected to be benefited or affected, or that no certain purpose has been indicated in respect to the subjects or objects." The same doctrine is announced in *Gord* v. *Needs*, 2 M. & W. 129, and accords fully with our view as to the correct definition of a patent ambiguity.

This court, in the case of *Bulkley* v. *Devine*, 127 Ill. 406, said (p. 409): "Extrinsic proof is always competent to identify the subject matter of a contract if necessary, and to admit it in no way violates the rule that parol testimony is never admissible to contradict or vary the terms of a written contract." In the case last cited, which was an action at law to collect rents, the premises were described in the lease as being in the city of Chicago, "and described as follows, to-wit: the house known and numbered as No. . . . . . Thirty-second street," and it was ruled that proof that appellant took possession of a certain house, and held the same and paid rent therefor, was competent to be received for the purpose of removing the

uncertainty as to the identity of the property intended
to be leased. The declaration in the case at bar avers
that the appellee took possession of the premises under
and by virtue of the lease, and paid rent therefor to the
appellant, who received such rent from the appellee as
being due and payable under the terms and conditions
of the lease. It is perfectly clear from the lease, consid-
ered within itself, that certain particular premises had
been selected by the parties upon which they intended the
instrument should operate. The ambiguity occasioned by
the defect or omission in the description was not a pat-
ent ambiguity, within the accurate and proper definition
of that term, but was such as "could be holpen by aver-
ment" and removed by parol proof. In respect of this
ground of objection the declaration was not obnoxious to
the demurrer.

Nor is the other ground of objection, that the contract
was not mutual, tenable. It was not essential, in order
this contract should be regarded as mutual, that the ap-
pellee should be bound by its terms to buy the property
upon receiving notice that the appellant desired to sell
it. He was under obligations to surrender the property
should the appellant desire to sell, though his lease had
not expired, and the consideration of his obligation in
this respect was the undertaking of the appellant that
he would give the appellee notice of his desire to sell and
accord him the privilege of becoming the purchaser. The
contract between them created mutual obligations upon
the parties to it and is binding upon both.

Nor is there any force in the position that the contract
providing for the sale and purchase of the property rests
partly in writing and partly in parol, and is therefore void,
under the Statute of Frauds, as a contract for the sale
and conveyance of lands. The contention in this respect
is, the contract does not fix the price to be paid or the
terms and time of payment. The true construction of the
contract is, that appellant must give the appellee sixty

days' previous notice of his intention to sell, and give him the option, during that period of time, of purchasing the property in preference to any other person who desired to buy, at the same price such proposed purchaser was willing to pay and upon the same terms appellant was willing to accord to such proposed purchaser.

Nor can we assent to the proposition, urged with much earnestness, that the contract as to the sale is so "vague, uncertain and indefinite" that it cannot be enforced. The undertakings and obligations of the respective parties fully appear under the construction which, as we have indicated hereinbefore, we think should be given to the instrument. We think the declaration set out a good cause of action.

The objections preferred to the ruling of the court upon questions relative to the admissibility of testimony and the giving or refusing of instructions are in the main fully disposed of by what has been said heretofore as to the character of the ambiguity in the lease and contract, and as to the true interpretation of that portion of the instrument which, as we think, constituted a contract of sale. The rulings of the court are in harmony with the views expressed herein, and are approved.

One instruction given for the appellee did not touch upon any principle we have discussed, but related solely to the measure of damages to be applied in case of a breach of the contract, and is as follows:

"The court instructs you that the measure of damages in this case is the difference between the price at which the plaintiff had the right, under the contract, to purchase the premises, and the actual value of said premises at the time of the sale of the same by the defendant to the witness Thomas Cornish."

The criticism of the instruction is, it submitted to the jury, for their determination, the true interpretation of the contract as to the price at which appellee had the right, under the contract, to purchase the premises. The

court, in a preceding instruction, interpreted the contract for the jury, and advised them, distinctly and explicitly, as to the terms and conditions upon which appellee had the right, under the contract, to purchase the property, and the instruction complained of could but have been understood to advise the jury the measure of damages was the difference between the price at which appellee might so purchase the property and the actual value thereof.

It is urged the Appellate Court erroneously held it did not appear the bill of exceptions contained all the evidence given upon the trial, and because of such erroneous ruling refused to consider whether the evidence supported the judgment.   We find from the judgment of the Appellate Court that that court, to quote from the judgment, "diligently examined and inspected as well the record and proceedings aforesaid as the matters and things therein assigned for error," and adjudged, to again quote from the judgment, "that in said record there is no error."   We find nothing otherwise appearing in the record of the proceedings of the Appellate Court to indicate that court considered the bill of exceptions insufficient to bring in review the evidence heard upon the trial of the cause.   The Appellate Court affirmed the judgment and did not incorporate in its judgment a finding of facts, and it is therefore to be assumed that court found the facts the same way the trial court found them.   (Rev. Stat. sec. 87, chap. 110; *Pennsylvania Co.* v. *Keane*, 143 Ill. 172.)   Such judgment in the case at bar is conclusive upon this court "as to all matters of fact in controversy in the cause." (Rev. Stat. sec. 87, chap. 110; *Bernstein* v. *Roth*, 145 Ill. 189.)   The opinion of the Appellate Court is no part of the record of the cause in that court, and cannot be resorted to in order to support a contention that the recitals of the judgment do not truly set forth the action of the court.   *Bernstein* v. *Roth*, *supra*.

The judgment must be and is affirmed.

*Judgment affirmed.*