PHILANDER L. HARPER, APPELLEE, V. RICHARD B. RUNNER; DANIEL REAGAN, APPELLANT.

FILED NOVEMBER 9, 1909.    No. 15,796.

1. **Landlord and Tenant: OPTION TO PURCHASE: CONSIDERATION.** A provision in a lease granting the lessee an option to purchase the property during his term "at any price offered by a third party satisfactory to said Runner" (the lessor) is supported by the consideration paid for the lease, and cannot, without the lessee's consent, be revoked during the period granted for the exercise thereof.

2. ——: ——: **SPECIFIC PERFORMANCE.** And, if the lessor during the term sells the land to a third person without first giving the lessee an opportunity to purchase, the latter's right to a specific performance of his contract will not be destroyed by his demand for an abstract and a suggestion that the deed be delivered and the purchase price paid at the lessee's residence.

3. ——: ——: **NOTICE TO SUBSEQUENT GRANTEE.** If a vendee is informed, preceding his purchase, by a lessee in possession that the tenant claims to own the real estate, the purchaser will stand in the shoes of his grantor, and may be compelled to convey, precisely as his vendor would have been coerced to perform if the conveyance had not been made.

4. **Specific Performance:** TENDER. When the owner of real estate expressly repudiates and refuses to perform his contract for a sale thereof, a formal technical tender is not a condition precedent to a suit for specific performance.

APPEAL from the district court for Lincoln county: HANSON M. GRIMES, JUDGE. *Affirmed.*

*Albert Muldoon,* for appellant.

*Wilcox & Halligan,* contra.

ROOT, J.

This is an action for the specific performance of a contract for the sale of a quarter section of land in Lincoln county. A subsequent purchaser was joined with the original obligor as defendant. Plaintiff prevailed, and the subsequent purchaser appeals.

Defendant Runner, who resides in Kentucky and owned the land, in March, 1906, executed a written lease to plaintiff therefor. The contract provided: "Said Harper (plaintiff) has the option to purchase said land during the term of this lease at any price offered by third party satisfactory to said Runner." Plaintiff inclosed the land with five other quarter sections, and was using the tract as a pasture for his cattle in April, 1906, when defendant Reagan, who resides in Colorado, called upon plaintiff with a view to examining the latter's ranch. Harper and Reagan drove over the land in controversy. The litigants do not agree concerning their conversation during that trip. Plaintiff testified that he told Reagan that he owned by deed or contract all of the land in the inclosure; whereas Reagan says that plaintiff spoke generally about the land in two pastures, saying that he owned part of the real estate, leased a fraction thereof, and had no right to the remainder. The price demanded by plaintiff was unsatisfactory to Reagan, and he conferred with Runner's agent and purchased the land for $400 less than plaintiff asked for it. Subsequently plain-

tiff learned of the transaction, and wrote to Runner, reminding him of the option in the lease, stating, among other things: "Now that you have an offer for $800 and are willing to accept it, I claim my option and will pay it to you in full on the delivery of your warranty deed and abstract showing perfect title in said land except my lease. You may send the deed and abstract to the First National Bank at North Platte, Neb., our county seat, where I deposit the money to be paid to you when they are found correct." Runner answered at once that he had sold the land without giving thought to the option, and did not know what he could do, but that he wanted to settle and had written "to some of the other parties." Plaintiff conferred with Reagan, who said that the lease is "not worth anything, that if he had an agreement it was against Mr. Runner and not me, and if he wanted to test the merit of the case to go ahead and do it." July 9, 1907, this suit was instituted.

1. Reagan argues that the option is collateral to the lease, did not create an estate in the land, and that the tenant's possession was not constructive notice of the right asserted in this suit. The district court found "that defendant Reagan, at the time of and prior to his purchase, knew of plaintiff's possession of the land in question, but did not know of his option to buy," and that plaintiff's possession put Reagan upon inquiry to ascertain Harper's rights. We are of opinion that the findings should be expanded. The evidence is satisfactory that, while plaintiff did not state that he held an option to purchase the land in suit, he did say that he owned it. It seems reasonable and probable that plaintiff told Reagan just what Harper testified that he did say. When Reagan knew that the quarter section he inspected and proposed purchasing was in Harper's possession under a claim of title, it was incumbent upon Reagan to inquire of Harper concerning the nature of that title or equity. Reagan does not claim that he understood or was told that Harper was a mere tenant and that he was misled thereby. Reagan's

reticence and failure to make inquiry under the facts disclosed by the evidence, assuming that he has told the truth, are circumstances tending strongly to impeach his good faith. Having been told by Harper that he claimed to own the land, Reagan cannot shield himself by asserting that Harper's possession as tenant was not constructive notice of the option. The option is part of the lease, and every provision in that instrument is supported by the identical consideration that vitalized all other parts thereof. *Hall v. Center,* 40 Cal. 63; *Frank v. Stratford-Handcock,* 13 Wyo. 37, 77 Pac. 134. An option based upon a sufficient consideration for the purchase of real estate during a definite period cannot be withdrawn before the expiration of that time, but vests the legal holder thereof with a right to acquire an interest in the land. *Gustin v. Union School District,* 94 Mich. 502, 34 Am. St. Rep. 361; *Mueller v. Nortmann,* 116 Wis. 468, 96 Am. St. Rep. 997; *McCormick v. Stephany,* 61 N. J. Eq. 208; *Cunningham v. Pattee,* 99 Mass. 248. A subsequent purchaser who buys with knowledge that the occupant claims to have a contract for the purchase of the land is bound by the terms of that agreement, whether it is an option or an executory contract equally binding each party thereto. *Daniels v. Davison,* 16 Ves. Jr. (Eng.) *249; 2 Sugden, Vendors, p. 123; *Anderson v. Brinser,* 129 Pa. St. 376, 6 L. R. A. 205; *Cummins v. Beavers,* 103 Va. 230, 106 Am. St. Rep. 881; *McCormick v. Stephany, supra; Lipp v. South Omaha Land Syndicate,* 24 Neb. 692.

2. Reagan contends that, as Harper's acceptance was conditional, he rejected the option; that a tender has not been made, and that this action cannot be maintained. The option was not an offer to be accepted unconditionally in order to complete an executory contract, but it gave Harper a completed right to a conveyance if he elected to pay the amount of the third party's bid. That privilege continued during the term of the lease, and a counter proposal by Harper did not destroy the right he had theretofore paid for. Runner had not notified Harper of Reagan's

bid, nor did he wait to learn whether plaintiff would pay $800 for the land before completing his contract with Reagan. When the proposition was made to Runner, he had disabled himself from complying with his contract, and did not suggest that he would deliver a deed in Kentucky to Harper for $800. *McCormick v. Stephany, supra.* It appears that shortly after the lease was executed Runner's brother informed plaintiff that he could have the land for $700, and the offer was refused for the alleged reason that the land was not worth the price named. This fact is immaterial because plaintiff had a right under his contract to wait until a third person had offered to buy the land at a price satisfactory to Runner. Harper evidently preferred to lease the land and to buy as a last resort to preserve his ranch. A tender under the circumstances would have been a vain thing. Neither defendant would have accepted the money, and both of them opposed plaintiff's demand. *Johnson v. Higgins,* 77 Neb. 35.

It is argued that Harper ratified the transaction by offering to trade Reagan other land for the real estate involved herein. The offers, we are satisfied, were made for the purpose of compromising the conflicting claims of the litigants, and cannot be considered as a defense to this suit.

The judgment of the district court is right, and is

AFFIRMED.