BARNHART, Respondent, vs. STERN, Appellant.

*November 13—December 11, 1923.*

*Landlord and tenant: Construction of lease: Provision giving tenant first right to purchase premises: Option to purchase: Ambiguity.*

1. An option to purchase, inserted in a lease for the benefit of the lessee, must be construed with that purpose in view.  p. 199.
2. A clause in a lease which provided that if the lessor (the owner) decided to sell the property the lessee was given the first right to purchase, and which gave the lessee the option to purchase the leased premises during the term for $15,000, is construed to give the lessee, in case he did not exercise his option and the landlord desired to sell for a less price, the first right of purchase, and also to give the lessee during the term an absolute right of purchase for $15,000.  p. 199.
3. There being no ambiguity in the lease, parol testimony to modify its terms was inadmissible.  p. 200.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

The appellant, *Louisa Stern,* was the owner of the premises located at the southwest corner of Forty-ninth and Galena streets in the city of Milwaukee.  The appellant and respondent entered into an oral lease of the premises for

the period of five years from the 1st of April, 1918, at an annual rental of $1,200, payable in monthly instalments of $100 on the first of each month in advance, and the respondent went into possession of the premises on April 1, 1918. On the 7th of October, 1918, the parties reduced the lease to writing, and thereupon it was duly executed. The respondent continued in possession of the premises until May 27, 1922, at which time he elected to exercise his option in the lease to purchase said premises. The appellant refused to recognize the option and denied respondent's right to purchase the premises thereunder. This action was brought to compel the conveyance of the property to the respondent pursuant to the conditions of the agreement.

The trial court made findings of fact and conclusions of law favorable to the respondent, and thereupon entered judgment in his favor requiring the appellant to make conveyance to the respondent of the premises aforesaid, from which judgment the appellant appeals.

For the appellant there was a brief by *George A. Affeldt* and *Martin Schottler*, both of Milwaukee, and oral argument by *Mr. Affeldt*.

*Carl H. Juergens* of Milwaukee, for the respondent.

CROWNHART, J. The lease entered into between the appellant and respondent contained, among other things, the following paragraph:

"It is further agreed and understood that in case the owner decides to sell the premises at any time, she hereby gives the lessee the first right to purchase the same, and the said lessee is hereby given the option to purchase the said premises for the sum of fifteen thousand ($15,000) dollars at any time during the continuance of this lease."

Within the period of the lease the respondent exercised his option to purchase the premises for $15,000, as he understood his rights under the contract, but the appellant

refused to recognize the respondent's right to purchase and refused to make conveyance of the premises to him.

It is the contention of the appellant that the paragraph of the lease quoted gave the respondent the right to purchase only upon condition that the appellant should have first decided to sell the premises, and that until the appellant should so decide the respondent had no right whatever to purchase the premises under the option. The case turns upon the construction of the quoted paragraph of the lease.

It is plain that the paragraph was inserted in the lease for the benefit of the lessee, and it must be construed with that purpose in view. It contains two distinct provisions: (1) that the lessee should have the first right to purchase the premises in case the lessor should decide to sell the same; and (2) the lessee was given the option to purchase said premises for the sum of $15,000 at any time during the continuance of the lease. It is a well settled principle of construction of contracts that each and every part thereof should be given effect in so far as the same may be determined by the language used. It seems to be plain from the terms of the contract that it was contemplated that the lessor might desire to sell the premises during the term of the lease, in case the lessee should not exercise his option, for a less amount than that named in the option, in which case the lessee should have the first right to purchase, and it seems to be equally plain that the lessee had an absolute option to purchase at any time during the continuance of the lease for the sum of $15,000. This construction gives effect to each condition in the contract. To construe the contract as contended by the lessor would be to deny to the lessee any benefits whatever under the option, for the option could be entirely defeated by the lessor's refusal to sell.

The appellant contended on the trial that the language of the contract was plain and unequivocal, but that if the

---

court should hold, as it did, that the language did not have the meaning for which the appellant contended, then it should be held to be ambiguous and subject to construction by parol evidence. The appellant therefore offered to introduce parol evidence to show the conversations at and immediately prior to the execution of the lease, which the court refused. We find no ambiguity in the contract; hence the court correctly refused to accept parol testimony to modify the terms of the lease.

*By the Court.*—The judgment of the circuit court is affirmed.