THE KING MOTORS, INC. *v.* ANGELO DELFINO

MALTBIE, C. J., BROWN, DICKENSON, BALDWIN AND ALCORN, JS.

Argued January 6—decided March 7, 1950.

*Maurice W. Rosenberg,* for the appellant (defendant).

*Thomas J. O'Donnell,* for the appellee (plaintiff).

MALTBIE, C. J.   The question presented in this case is whether a provision in a contract for the payment of a certain sum of money constituted one for liquidated damages, as stated in it, or one for a penalty.   The trial court gave judgment for the plaintiff to recover upon the former basis and the defendant has appealed.

The plaintiff is an automobile dealer.   It has a franchise to sell Cadillac cars which provides, in effect, that, if a new car it sells becomes the property of a person not in its territory within a six-month period from the date of the sale, it has to pay a commission to the dealer in the territory where the owner resides. On July 13, 1948, it sold and delivered to the defendant a new 1948 Cadillac car for $3935.48, $1675 of which was represented by the trade-in value of the defendant's Buick car.   At the time of the sale the defendant executed and delivered to the plaintiff a "Contract for Repurchase" which provided that the defendant would not sell or transfer the Cadillac for a period of six months without first offering it to the plaintiff for purchase at the price at which it was sold to the defendant less 3 per cent per month for depreciation and less cost of necessary repairs.   The contract then went on to provide: "It is further understood and agreed by and between the parties that if the said Purchaser shall violate any of the terms of this Contract, expressed above, then the said Purchaser shall owe the said Dealer the sum of Three Hundred Dollars ($300.00) in current money of the United States, as liquidated damages, which amount shall be immediately due and payable."   The only term of the contract to which the quoted provision could apply is that which required the defendant to offer the plaintiff the option of repurchase.   On July 19, 1948, the defendant sold the Cadillac to another person for $5450 without

first offering to sell it to the plaintiff in accordance with the agreement for repurchase. At that time new used cars were selling in excess of the retail price of new cars. No legal reason existed which would have prevented the plaintiff from realizing a profit on the sale of the Cadillac had the defendant resold it to the plaintiff.

As a general rule parties can contract to liquidate their damages, and courts have not interfered with such contracts where the proof of damages would be uncertain or difficult and the amount agreed upon is reasonably commensurate with the extent of the injury. *New Britain* v. *New Britain Telephone Co.*, 74 Conn. 326, 333, 50 A. 881, 1015. The conditions for recovery on such a contract are laid down seriatim in *Banta* v. *Stamford Motor Co.*, 89 Conn. 51, 55, 92 A. 665: (1) the damages to be anticipated as resulting from the breach must be uncertain in amount or difficult to prove; (2) there must have been an intent on the part of the parties to liquidate them in advance; and (3) the amount stipulated must be a reasonable one, that is to say, not greatly disproportioned to the presumable loss or injury. "If the provision was inserted for the purpose of deterring the defendant from breaching his contract and of penalizing him for doing so, instead of specifying a sum which the parties in good faith agreed upon as representing the damages which would ensue from a breach, it is to be regarded as imposing a penalty. . . . In such a case recovery will be limited to the actual damage and if no damage is proven no recovery may be had." *May* v. *Young*, 125 Conn. 1, 9, 2 A. 2d 385; *Miller* v. *Macfarlane*, 97 Conn. 299, 302, 116 A. 335.

If the agreement had contained no provision for liquidated damages, the plaintiff's damages on the breach of the defendant's agreement to offer the car

to it for repurchase would have been properly measured by the profits it would probably have made on a resale of the car. *Kastner* v. *Beacon Oil Co.,* 114 Conn. 190, 193, 158 A. 214; *Bennett* v. *Blumenthal & Co.,* 113 Conn. 223, 230, 155 A. 68; see *Marske* v. *Willard,* 169 Ill. 276, 285, 48 N. E. 290. But what that profit might be was not capable of anticipation, particularly as the provision covered a period of six months after the sale; and the trial court might well have considered that, looking forward from the date of sale, $300 was not a sum clearly disproportionate to the probability of loss through the plaintiff's inability to have the car for resale. The words of the contract clearly express the intent of the parties that the sum is to be "liquidated damages"; and the factual situation is such that the trial court could reasonably conclude that those words fairly meant that, and not merely a penalty designed to compel the defendant not to make default.

The provision of the agreement under which the defendant agreed to offer the car to the plaintiff for repurchase before he sold or transferred it to another was one of the terms of the sale, stated by the agreement itself to have been a part of the consideration for the sale, and the provision was supported by a sufficient consideration. *Haussman* v. *Burnham,* 59 Conn. 117, 133, 22 A. 1065; *State Finance Corporation* v. *Ballestrini,* 111 Conn. 544, 548, 150 A. 700; *Halsey* v. *Boomer,* 236 Mich. 328, 332, 210 N. W. 209; *Harper* v. *Runner,* 85 Neb. 343, 346, 123 N. W. 313; *Hayes* v. *O'Brien,* 149 Ill. 403, 412, 37 N. E. 73; *Turman* v. *Smarr,* 145 Ga. 312, 315, 89 S. E. 214. The agreement was not an unreasonable restraint upon trade; the plaintiff is a dealer in cars and presumably if it repurchased the car it would be in order to resell it; the agreement would not take the car out of the market,

for, if the plaintiff did not exercise the option, the sale or transfer by the defendant would become effective, and if the option was exercised the plaintiff would have the car for resale. See *Cummings* v. *Nielson,* 42 Utah 157, 165, 129 P. 619; *Anderson* v. *Riegel,* 229 Wis. 200, 208, 281 N. W. 915; note, 136 A. L. R. 138, 139.

There is no error.

In this opinion the other judges concurred.