## NEW YORK LIFE INSURANCE COMPANY *v.* HARTFORD NATIONAL BANK & TRUST CO. ET AL.
### (2315)

DANNEHY, C.P.J., DUPONT and HULL, Js.

Argued January 31—decision released July 10, 1984

*Martin A. Gould,* for the appellant (third party defendant trustee in bankruptcy).

*John B. Nolan,* with whom, on the brief, was *James J. Tancredi,* for the appellee (plaintiff).

PER CURIAM. This is an action originally brought by New York Life Insurance Company against Hartford National Bank to recover $180,000 for the failure of the bank to honor a letter of credit issued for James Minges and Richard Gordon, doing business as Talcott Village Company. New York Life Insurance Company and Talcott Village Company had executed an agree-

ment pursuant to which a mortgage commitment was given to Talcott Village Company. The agreement also provided for a liquidated damages deposit of $180,000, in the event Talcott Village Company did not enter into a mortgage with the insurance company. In lieu of the deposit required, the bank issued an irrevocable letter of credit to the insurance company in that amount. Judgment was rendered for the insurance company against the bank in the primary action. *New York Life Ins. Co.* v. *Hartford National Bank & Trust Co.*, 173 Conn. 492, 378 A.2d 562 (1977). The bank impleaded Minges and Gordon as third party defendants, claiming that both had guaranteed payment of the $180,000, and they counterclaimed against the bank. These claims have been settled. The trustee in bankruptcy for Minges in the present action alleges by its cross complaint against the insurance company that the company is not entitled to keep the entire $180,000. The sole issue on appeal[1] is whether the trial court erred in holding that the liquidated damages provision in the loan commitment contract of the insurance company and Talcott Village Company was enforceable and that, therefore, the trustee could not recover any of the amount awarded to the insurance company.[2]

Three conditions must be met in order to uphold a contractual provision for liquidated damages. They are (1) that the damages are uncertain or difficult to prove; (2) that the parties intended to liquidate damages in advance; and (3) that the amount is reasonable because

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

[2] On appeal, New York Life Insurance Company raises the issue of whether the trustee has standing to assert the invalidity of the liquidated damages clause. The trial court does not discuss standing in its memorandum of decision. The insurance company did not file a cross appeal nor did it file a preliminary statement of issues. The failure to do either precludes review. Practice Book §§ 3003, 3012 (a); *Lynch* v. *Davis*, 181 Conn. 434, 437, 435 A.2d 977 (1980).

it is not greatly disproportionate to the amount of damage which the parties assumed at the time of their contract would be sustained if the contract were breached. *Norwalk Door Closer Co.* v. *Eagle Lock & Screw Co.,* 153 Conn. 681, 686, 220 A.2d 263 (1966). The trial court found that all three conditions were met on the basis of the facts of this case. The facts found were not clearly erroneous. See *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980).

The damages arising from the failure of Talcott Village Company to borrow nine million dollars at an interest rate of 9 percent per annum were uncertain and would be difficult to prove. *Walter E. Heller & Co.* v. *American Flyers Airline Corporation,* 459 F.2d 896, 899 (2d Cir. 1972). The liquidation clause itself shows that the parties intended to fix for themselves, without judicial intervention, a sum acceptable to both which would prevail as damages in the event of a breach of contract. The amount of the liquidated damages set by the parties was reasonable, and not plainly disproportionate to the possible loss. Liquidated damages in the amount of 2 percent of the loan commitment is presumptively a reasonable sum to be retained upon breach of the contract. *Vines* v. *Orchard Hills, Inc.,* 181 Conn. 501, 512, 435 A.2d 1022 (1980). Liquidated damages clauses in loan commitment agreements are valid if the actual damages are difficult to determine and the sum stipulated bears a rational relationship to the loss contemplated at the time the contract was executed. *Walter E. Heller & Co.* v. *American Flyers Airline Corporation,* supra; *Harding* v. *Pan American Life Ins. Co.,* 452 F. Sup. 527 (E.D. Va. 1978); *New York Life Ins. Co.* v. *G.H.C. Properties, Ltd.,* 361 F. Sup. 311 (M.D. Fla. 1972).

There is no error.