[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff and the defendant, on March 3, 1990, entered into a written contract, pursuant to which the plaintiff was to supply industrial uniforms to the defendant for use by eight of its employees. The term of the contract was thirty-seven months, and the defendant agreed to pay on a weekly basis $9.75 for each uniformed employee. The contract provided that should the defendant prematurely terminate the contract, the defendant would pay to the plaintiff one-half of the aggregate weekly rental charge for the balance of the term (para. 16). The contract described the amount to be paid in the event of such early termination as liquidated damages, and not as a penalty, because of the difficulty, if not impossibility, in ascertaining damages.
During the months of May and June 1990, the plaintiff provided uniform service to the defendant in accordance with the contract. On July 3 the defendant refused to accept delivery and effectively cancelled its contract with the plaintiff. On that date there was an unpaid balance on the defendant's account in the amount of $412.20.
The defendant asserts that the plaintiff failed to perform in accordance with the contract terms in that service and the uniforms delivered were of poor quality in a variety of ways. The plaintiff denies the claim and maintains that the defendant raised no complaint regarding service until mid-June, close to the date of cancellation. Evidence was also offered that following discontinuation of its contract with the plaintiff, the defendant was served by another uniform company at an employee weekly rate of approximately $8.00.
The defendant argues that the plaintiff failed to perform its obligations under the contract and that it is therefore excused from performance of its own obligations. While it is true that "a CT Page 10120 seller of services. . . cannot recover upon a contract unless he has fully performed his own obligation under it, has rendered performance, or has some legal excuse for not performing;" DiBella v. Widlitz, 207 Conn. 194, 199 (1988), quoting from Automobile Ins. Co. v. Model Family Laundries, Inc., 133 Conn. 433,437 (1947); the court is persuaded that the plaintiff has sustained its burden of demonstrating such performance and that, on the evidence, the defendant should not be excused from liability contractually and legally imposed.
The key issue before the court, then is whether the liquidated damages provision of the contract is enforceable. The language reads as follows:
 "The Customer acknowledges that because of the peculiar nature of the Garment Rental Business, the damages that would be sustained by The Company in the event of premature termination, or a breach of this agreement by the Customer would be difficult, if not impossible to determine. The parties, therefore, agree that in the event of a breach of this agreement, or in the event the Customer terminates this agreement, prior to the expiration of the current term hereof, the Customer shall pay to The Company as liquidated damages, (and not as a penalty), the total of: (a) One half the aggregate weekly rental charge then if (sic) effect for the balance of the term of this agreement; (b) The loss charge for any uniform or article not returned as provided in Section 5 thereof."
In order to uphold a contractual provision for liquidated damages, three conditions must be met. They are (1) that the damages are uncertain or difficult to prove; (2) that the parties intended to liquidate damages in advance; and (3) that the amount is reasonable because it is not greatly disproportionate to the amount of damages which the parties assumed at the time of their contract would be sustained if the contract were breached. New York Life Ins. Co. v. Hartford National Bank Trust Co., 2 Conn. App. 279,280-81 (1984).
Aside from the loss charge, the amount of liquidated damages which the plaintiff claims on the basis of the contract formula is $4,504.50. The defendant, as the court interprets its position, does not contest the application of the first and second CT Page 10121 prerequisites to liability. What the defendant asserts is that the uniforms returned are "of some value to the plaintiff" and the amount claimed is "in excess of the amount which it would cost the plaintiff to purchase the uniforms new." Defendant's Post Trial Memorandum [p. 7].
A purchaser may offer "evidence that his breach in fact caused the seller no damages or damages substantially less than the amount stipulated as liquidated damages." Vines v. Orchard Hills, Inc., 181 Conn. 501, 513 (1980). But to argue, as in the instant case, that a mere return of the goods, or the opportunity to buy other goods for a comparatively small amount, restores the status quo and makes all right with the world is naive to say the least, and ignores a potential right to the recovery of expectation damages and damages incidental to the contract. Id. 512.
"In a valid contract action for liquidated damages the parties are permitted, in order to avoid the uncertainties and time-consuming effort involved, to estimate in advance the reasonably probable forseeable damages which would arise in the event of a default." Norwalk Door Closer Co. v. Eagle Lock Screw Co., 153 Conn. 681, 689 (1966). Clearly, in the case of a contract such as that before the court the seller's damages decrease as time goes by in that with the passage of time he is better able to recoup his investment. The liquidated damages clause and the formula which the parties agreed upon recognize this principle. If the liquidated damages amount is somewhat high, it is so because the defendant chose to breach its obligation at an early point in the term, thereby enhancing the plaintiff's loss. In any event, it is the court's finding that the provision was intended to specify a way to arrive at a sum which the parties, in good faith, agreed would represent the damages which would ensue from the breach. Hanson Development Co. v. East Great Plains Shopping Center, Inc., 195 Conn. 60, 65
(1985).
The court finds the issues for the plaintiff and awards damages of $4,504.50. The plaintiff is also entitled to recovery of $412.20 on the defendant's past due account. Since, apart from the latter, the award is to be construed as liquidated damages, the plaintiff is not entitled to the recovery of any additional, albeit actual, damages incident to the breach. Camp v. Cohn,151 Conn. 623, 626 (1964); see also McClintock v. Rivard, 219 Conn. 417,429 n. 11 (1991).
The contract obligates the defendant to pay attorneys fees if the plaintiff is required to enforce the agreement (para. 21). The provision is an integral part of the contract and cannot be disregarded. Guaranty Bank Trust Co. v. Dowling, 4 Conn. App. 376, CT Page 10122 388 (1985). Such fees are recoverable as a contract right and not as damages. Litton Industries Credit Corporation v. Catanuto, 175 Conn. 69, 76 (1978). The plaintiff's prayer for relief recites a demand for reasonable attorneys fees, and counsel filed an affidavit at trial as support therefor. The court, relying on its general knowledge (Piantedosi v. Florida, 186 Conn. 275,279 (1982)), awards attorneys fees in the amount of $900.
Judgment may enter in favor of the plaintiff to recover of the defendant damages of $4,916.70 plus attorneys fees in the amount of $900.
GAFFNEY, J.