[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
This is an action in three counts claiming damages from defendant for failure to provide a proper security system, the plaintiff seeking to recover the amount of its loss suffered by reason of a burglary from its premises.
Defendant has moved for summary judgment on the basis that the written agreement between the parties contained a liquidated damages clause, (Par. 10A) fixing the damages, in the event of a loss to the plaintiff, to fifty percent of the annual service charge for the applicable year. Plaintiff claims, in opposition to the motion for summary judgment that (1) a general issue of law exists as to the validity of the liquidated damages clause and (2) a material issue of fact exists as to whether its third count claiming intentional breach of the security system CT Page 5858 agreement is covered by the liquidated damages clause.
The plaintiff alleges in its three-count amended complaint that in January of 1981 it entered into a written agreement with the defendant wherein the defendant agreed to provide an electronic security system for the plaintiff's gas station; that in March, 1988 an unknown party cut the telephone lines leading to the plaintiff's place of business and burglarized the premises, causing it a loss of $12,564.34.
The first count alleges that the defendant was negligent in failing to properly install and maintain the security system; the second count claims that the defendant breached the written agreement between the parties by failing to keep the security system in working order; the third count claims that the plaintiff's loss was caused by defendant's "intentional actions" in failing to notify plaintiff that the system was not functioning properly, in failing to inspect and test the system, in failing to correct the inadequacies and in failing to maintain the system in good working order.
-I-
In its motion, the defendant moves that judgment be entered in favor of the plaintiff in the amount of $542.46, claiming that this amount is equal to fifty percent (50%) of the annual service charge applicable in the year 1988 and is the amount of liquidated damages as set forth in the agreement between the parties.
Paragraph 10A of the agreement provides in relevant part:
 It is understood and agreed by the parties hereto that Contractor [Sonitrol] is not an insurer and that insurance, if any, covering personal injury and property loss or damage on Subscriber's [Convenient's] premises shall be obtained by the Subscriber; that the Contractor is being paid for the installation and maintenance of a system designed to reduce certain risks of loss and that the amounts being charged by the Contractor are not sufficient to guarantee that no loss will occur; that the Contractor is not assuming responsibility for any losses which may occur even if due to Contractor's negligent performance or failure to perform any obligation under this agreement. Since it is impractical and extremely difficult to fix actual damages which may arise due to faulty operation of the system or failure of services provided, if, notwithstanding the above provisions, there should CT Page 5859 arise any liability on the part of the Contractor, such liability shall be limited to an amount equal to one half the annual service charge provided herein of $250, whichever is greater. This sum shall be complete and exclusive and shall be paid and received as liquidated damages and not as a penalty. In the event that the Subscriber wishes to increase the maximum amount of such liquidated damages, Subscriber may, as a matter of right, obtain from Contractor a higher limit by paying an additional amount proportioned to the increase in liquidated damages.
Practice Book 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as matter of law." Zichichi v. Middlesex Memorial Hospital,204 Conn. 399, 402, 528 A.2d 805 (1987). Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact; D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 903 (1980); a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. Practice Book 380, 381; Burns v. Hartford Hospital, 192 Conn. 451,455, 472 A.2d 1257 (1984).
-II-
Plaintiff's claim that the liquidated damages provision is invalid, when analyzed, is really a claim that the provision is inapplicable in this case because its damages were not "difficult to prove" or "uncertain"; and that the stipulated damages were greatly disproportionate to its actual damages.
The Appellate Court in New York Life Insurance Co. v. Hartford National Bank Trust Co., 2 Conn. App. 279,477 A.2d 1033 (1984), has stated:
 Three conditions must be met in order to uphold a contractual provision for liquidated damages. They are (1) that the damages are uncertain or difficult to prove; (2) that the parties intended to liquidate damages in advance; and (3) that the amount is reasonable because it is not greatly disproportionate to the amount of damages which the parties assumed at the time of their contract would be sustained if the contract were breached. Norwalk Door Closer Co. v. Eagle Lock Screw Co., 153 Conn. 681, 686, 220 A.2d 263 (1966).
CT Page 5860
New York Life Insurance Co., supra 280-81.
We believe that the liquidated damages clause in the agreement between the parties meets the above standards.
The court in Vines v. Orchard Hills, Inc., 181 Conn. 501,435 A.2d 1022 (1980), on the issue of private agreements that supplant judicially determined remedies for breach of contract, stated:
 [T]his court has recognized the principle that there are circumstances that justify private agreements to supplant judicially determined remedies for breach of contract. Berger v. Shanahan, 142 Conn. 726, 731-32, 118 A.2d 311 (1955); King Motors v. Delfino, 136 Conn. 496, 498, 72 A.2d 233 (1950); cf. General Statutes 42a-2-718 (1); and Restatement (Second), Contracts 370 (Tent. Draft No. 14, 1979) . . . . [T]he burden of persuasion about the enforceability of the clause naturally rests with its proponent. See, e.g., Norwalk Door Closer Co. v. Eagle Lock Screw Co., supra, 688 [153 Conn. 681, 220 A.2d 263 (1966)].
Vines, supra, 511.
The agreement between the parties is set forth in plain and unambiguous language which provides for liquidated damages "should any liability arise on the part of the contractor" (Defendant).
We find that the liquidated damages clause in this case is valid and enforceable since it meets, in our view, the criteria set forth in Norwalk Door and anticipated in advance what the consequences might be to the parties should a loss, caused by an event like a third-party burglary, take place.
Since the record indicates that the annual service charge for the year 1988 was $1084.92, Summary Judgment may enter for the plaintiff for the sum of $542.46, one-half of that amount.
Wagner, J.