[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
In 1990 the plaintiff Town of North Branford solicited bids for the removal of asbestos from a school building. The invitation to bid required a 5% bid bond. In November of 1990, the defendant AAIS submitted a bid in the amount of $245,271.00 together with the required bond in the amount of $12,263.55. This bond was furnished by the defendant ACSTAR.
On January 4, 1991 the plaintiff mailed a "Notice of Award" to AAIS by certified mail. This item was not received until January 9, 1991. AAIS purported to withdraw its bid via a hand delivered letter to the plaintiff, which withdrawal was received on January 8, 1991.
I
CT Page 1167
The first issue to be determined is whether the posting of the award on January 4 constituted an acceptance, binding AAIS before its withdrawal of January 8 could become effective. The defendants argue that the withdrawal of January 8 was effective since the award was not received till January 9.
This would be a simple matter to resolve but for the circumstances surrounding the January 4 mailing and the January 9 receipt. The plaintiff claims to have used its postage meter to determine the correct postal charges which amount was then affixed via a meter tape. When the acceptance was received on the 9th of January, it bore the imprint "postage due $.20." The defendants argue this is proof of a delayed receipt of 5 days and of the plaintiff's failure to properly dispatch its acceptance. Therefore, the defendants claim the so-called "Mail Box Rule" which would make the acceptance effective on the date posted, January 4, does not apply.
The weakness of this argument is that there is no evidence that the alleged delay was caused by the postage due, and in fact that there was postage due. It is common knowledge that mail carriers leave a notice if no one is present to accept certified mail. The mail must then be claimed at the post office. The circumstances of delivery and receipt were not covered at trial.
While the defendants have cited cases from other jurisdictions to support their position, Connecticut cases state a different position.
 "Revocation of an offer in order to be effectual must be received by the offeree and "before he has exercised his power of creating a contract by acceptance of the offer." Restatement, 1 Contracts, § 41 and § 69, Comment a; 1 Page, Contracts, § 134. Acceptance is operative, if transmitted by means which the offeror has authorized, as soon as its transmission begins and it is put out of the offeree's possession (Restatement, 1 op. cit., § 64; 1 Page, op. cit., § 199) irrespective of whether or when it is received by the offeror. Mercer Electric Mfg. Co. v. Connecticut Electric Mfg. Co., 87 Conn. 691, 695, 89 A. 909." (Emphasis ours). L. E. Wertheimer, Inc. v. Wehle-Hartford Co., 126 Conn. 30, 35
CT Page 1168 (1930).
As was the case in Wertheimer, the defendant's withdrawal was not completed by the posting but would have become effective when received by the plaintiff. Since the plaintiff posted its acceptance before receipt of the withdrawal, the contract became complete.
It is also significant that the bid documents do not restrict the plaintiff to communicating its acceptance in any particular manner. The Court heard testimony from the plaintiff's former Town Manager, Mr. Galligan, to the effect that when he received the AAIS withdrawal on January 8, he called Mr. Bannon, an AAIS director. Mr. Bannon stated he had already spoken to Mr. Lynch, a consultant to the plaintiff. Lynch had already told Galligan that he had advised Bannon of the AAIS low bid. Mr. Bannon denied being told he was the successful bidder by Lynch, but on cross examination admitted to having a conversation with Lynch on January 4.
From these statements, it seems clear that AAIS had notice of the acceptance as early as January 4, and sought to withdraw on the first day after the 60 day limitation on withdrawals had passed.
It is the conclusion of the Court that the plaintiff's acceptance was effective when posted on January 4, that defendant AAIS attempted withdrawal was ineffective, and that a contract was consummated on January 4.
 II
The defendants' also claim that the plaintiff's acceptance constituted a counter-offer and therefore no contract was effected by it.
The defendants make reference in the acceptance to a requirement that performance bonds be provided within 10 days. However, this is merely a re-statement of language in the Instructions to Bidders. In fact, it was probably included to assist the successful bidder.
The Court does not find this claim to have any validity.
 III
The remaining issue to be decided is that of damages. The CT Page 1169 plaintiff seeks to recover of the defendant AAIS the difference between the amount of its bid and the bid of the next lowest bidder, $147,662.00. The AAIS argues that the plaintiff, if it were to prevail, is limited to the amount of the bid bond, $12,263.55, representing 5% of its bid as required by the bid instructions, contained in Exhibit A, the Project Manual.
AAIS relies on this language of the document:
4.2 BID SECURITY
 4.2.1 If so stipulated in the Advertisement of Invitation to Bid, or supplementary instructions to bidders, each Bid shall be accompanied by a bid security in the form and amount required, pledging that the Bidder will enter into a Contract with the Owner on the terms stated in the Bid and will, if required, furnish bonds covering the faithful performance of the Contract and payment of all obligations arising thereunder. Should the Bidder refuse to enter into such Contract or fail to furnish such bonds if required, the amount of the bid security shall be forfeited to the Owner as liquidated damages, not as a penalty. The amount of the bid security shall not be forfeited to the Owner in the event the Owner fails to comply with Subparagraph 6.2.1.
The plaintiff argues that this claim is unenforceable because though it purports to provide for liquidated damages, it is in reality a penalty. The imposition of a penalty for a breach of contract is contrary to public policy and is thus invalid. Bergerv. Shanahan, 142 Conn. 726, 731 (1955).
On the question of whether a particular provision is to be regarded as for liquidated damages or for a penalty, the language of the parties is not controlling:
 "Rather, that which is determinative of the question is the intention of the parties to the contract. Accordingly, such a provision is ordinarily to be construed as one for liquidated damages if three conditions are satisfied: (1) The damage which was to be CT Page 1170 expected as a result of a breach of the contract was uncertain in amount or difficult to prove; (2) there was an intent on the part of the parties to liquidate damages in advance; and (3) the amount stipulated was reasonable in the sense that it was not greatly disproportionate to the amount of the damage which, as the parties looked forward, seemed to be the presumable loss which would be sustained by the contractee in the event of a breach of the contract. King Motors, Inc. v. Delfino, 136 Conn. 496, 498, 72 A.2d 233."
Id., at 732.
In this case, no one is seriously claiming the $12,263.55 is so onerous as to be a penalty. The plaintiff relies on the third condition cited above, claiming that its damage is greatly disproportionate to the amount called for by Section 4.2.1, $147,662.00 as opposed to $12,263.55.
However, the language in question and the entire issue of damages was not the product of negotiations between the parties. The entire Project Manual, the bid process, the provisions for bid and performance bonds, etc. were prepared by the plaintiff and submitted to potential bidders. These conditions were imposed upon AAIS and the other bidders who had no alternatives if they wanted to submit bids.
It is therefore the conclusion of the Court that its equitable powers should be asserted and the plaintiff is estopped to now renounce its own language of Section 4.2.1.
 "An estoppel rests on the misleading conduct of one party which operates to the prejudice of another."
Ackley v. Kenyon, 152 Conn. 392, 397 (1965).
The defendant AAIS, in withdrawing its bid, was entitled to rely on the language in question and to assume its liability was limited to the amount of the bid bond.
Further applying basic contract law to these facts, the express argument of the parties should pertain, especially since CT Page 1171 the plaintiff was the author of the language. On that basis, it was clearly the intent of the parties that a failure to enter into a contract would entail only the forfeiture of the amount of the bid bond.
CONCLUSION
Judgment may enter for the plaintiff to recover of the defendants the sum of $12,263.55 plus legal interest from January 8, 1991 (the date of the withdrawal by AAIS).
The plaintiff is also entitled to taxable costs.
Anthony V. DeMayo State Trial Referee