[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff in this matter seeks to retain as liquidated damages the sum of 214,500 which represents the deposit made by the defendant towards the purchase price of real property owned by the plaintiff. CT Page 1830
James Peterson, a real estate broker who represented the defendants Ralph and Janice Sylvester in connection with the contemplated purchase of the plaintiff's property, testified that he prepared an offer embodied in the usual real estate agreement form and following some negotiating between the parties an agreement was reached and an agreement to buy and sell was executed (P. Ex. 1) on September 29, 1997. In connection therewith, deposits were made totaling $14,500. The agreement provided, inter alia, that in the event the purchasers defaulted, any deposits made could be retained by the sellers as liquidated damages. (P. Ex. 1, paragraph E). Mr. Peterson testified that he went over all the terms and conditions of the agreement with the prospective buyers before they executed the document including the provision as to liquidated damages. The agreed purchase price was $290,000. The closing date was set for March 30, 1998 or earlier as the parties might agree.
The plaintiff Neal Ramadon testified that following the execution of the agreement, the property was removed from the market and pursuant to a further agreement between the parties (P. Ex. 2) he proceeded to make certain repairs and improvements as well as affording the buyers a monetary credit of $1000 at the closing. This agreement was executed on October 14 and 15, 1997. The plaintiff also informed tenants on the property to move anticipating the transfer of the premises as set out in the agreement. At all times the sellers were ready, willing and able to sell pursuant to the terms of the agreement.
On March 27, 1998 the buyers' attorney, Joseph Ragozzine, advised the Ramadons through their attorney Stephen Studer that they would be unable to purchase the property because of problems the buyers were having with the Internal Revenue Service which precluded their ability to obtain a mortgage. (P. Ex. 6) Prior to the receipt of counsel's letter requesting the refund of the deposit, the defendant Ralph Sylvester had on several occasions advised the sellers that obtaining the mortgage would present no problem. The condition concerning the buyers obtaining a mortgage commitment, paragraph 6, set a time limit of 45 days from the execution of the agreement and this date passed without explanation or a request for an extension by the prospective purchasers.
With the collapse of the sale of the property to the defendants, the plaintiff put the property back on the market and eventually sold it for $280,000, or $10,000 less than the price CT Page 1831 originally agreed to with the defendants.
The defendants by way of counterclaim to this action claim a return of the deposit on the grounds that they were not aware of a second page to the agreement which provided for liquidated damages and that provision was never agreed to. The documents, Plaintiff's Exhibits 1 and 2, both refer to the second page or reverse side and recite above the respective signatures of the parties that the reverse side is a part of the agreement. This together with the agent's testimony that the provision as to liquidated damages was fully explained to the buyers leads the court to conclude that the buyers either were or reasonably should have been aware of this condition and finds for the plaintiffs on the counterclaim. See Diulio v. Richard Goulet, etal, 2 Conn. App. 701, 704.
Turning to the right of the sellers to retain the deposit of $14,500 as liquidated damages, such a provision in a real estate agreement has long been recognized as an appropriate and lawful conclusion where damages in event of default might be difficult to ascertain and the amount set was a reasonable sum as related to the contract and the amount of damages likely to be sustained in the event of default and it was the intention of the parties to provide in advance a definite sum as to damages likely to be sustained. New York Life Ins. Co. v. Hartford National Bank andTrust Co., 2 Conn. App. 279, 280. It appears to the court that it was the intention of the parties to so provide in this instance and that the amount set out as liquidated damages was reasonable. This is evidenced by the cost of satisfying the defendants requests as to repairs et cetera, the loss sustained by the plaintiff upon the eventual sale and the costs incident to recovering the deposit from the defendant realtor.
Judgment may enter in favor of the plaintiffs as against the defendants in the amount of $14,500 plus costs.
George W. Ripley II Judge Trial Referee